IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

        Plaintiff,

        v.

WH SHAU-LINN and WH CAN XIANG,
dba Lee's Canton Restaurant,

        Defendants.

No. 2:12-cv-01341 JAM KJN

<u>ORDER TO SHOW CAUSE AND
FINDINGS AND RECOMMENDATIONS</u>

        On May 17, 2012, the court severed the claims asserted in this case from another case proceeding in this court, <u>Louie v. Ericson et al.</u>, 2:11-cv-00886 KJN (E.D. Cal.); ordered plaintiff to file a First Amended Complaint in this action no later than 14 days after the opening of this case;[1] and ordered plaintiff to serve the First Amended Complaint on defendants no later than 30 days after the issuance of the summons in this case related to the First Amended Complaint. (Order After Status Conf., May 17, 2012, Dkt. No. 1.) The court took those actions in response to the repeated requests of attorney Chad J. Wood, who specifically represented to the court at a May 10, 2012 status that he, as special counsel for the Chapter 7 bankruptcy trustee

---

[1] This case was opened on May 17, 2012.

1

who owns plaintiff's claims, intended to pursue the claims in this case. The court granted Mr. Wood's request for relief despite the court's initial inclination to recommend the dismissal of plaintiff's claims in this case pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve the complaint.

Despite his requests for relief from the court, Mr. Wood failed to file a First Amended Complaint in this case as ordered by the court. As a result, Mr. Wood necessarily failed to serve the First Amended Complaint on defendants as ordered by the court. Instead, on May 29, 2012, Mr. Wood filed a document called "Notice of Nonappearance and No Representation," in which Mr. Wood now disclaims any representation of plaintiff in this case, disavows that he ever appeared on behalf of plaintiff, and represents that the Chapter 7 bankruptcy trustee has no interest in this case (Dkt. No. 2). The court notes that Mr. Wood previously appeared as counsel of record for plaintiff George S. Louie. (Joint Status Report at 1, Dkt. No. 21; Wood Decl. ¶ 9, Dkt. No. 23, Doc. No. 23-1.) Additionally, the court notes that contrary to Mr. Wood's representations in the Notice of Nonappearance and No Representation, Mr. Wood and the Chapter 7 bankruptcy trustee have represented to the court, both in filings and during the May 10, 2012 status conference, that the claims now at issue in this case are "pre-petition" claims that belong to the trustee. (See, e.g., Status Report, Nov. 3, 2011, at 3, Dkt. No. 14.) Now, Mr. Wood and the bankruptcy trustee disclaim any interest in the claims at issue here without providing the court with any explanation.

In light of Mr. Wood's Notice of Nonappearance and No Representation, which materially contradicts his previous filings and representations to the court, the undersigned orders Mr. Wood to show cause in writing why he should not be personally sanctioned $1,000, as described below, for among other things, wasting the court's time and misrepresenting himself to the court.

Additionally, in light of the fact that plaintiff's complaint was already subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m) (see Order After Status Conf. at 2),

the undersigned recommends that this case be dismissed without prejudice, and that the case be closed.  Mr. Wood shall serve this disposition on plaintiff George S. Louie, who may file procedurally proper objections to the proposed dismissal.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Within 14 days of the date of this order, attorney Chad J. Wood shall show cause in writing why he should not be sanctioned $1,000 for: (1) requesting leave from the court to pursue this case when it appears that Mr. Wood had no real intention of pursuing the case; (2) apparently misrepresenting to the court that the Chapter 7 bankruptcy trustee owned the right to pursue plaintiff's pre-petition claims in this case; and (3) failing to formally request leave to withdraw as plaintiff's counsel consistent with the court's Local Rules, when Mr. Wood previously appeared as counsel of record for plaintiff.

2. Mr. Wood shall serve a copy of this disposition on plaintiff George S. Louie.

It is FURTHER RECOMMENDED that:

1. This case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

2. This case be closed and all dates be vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

1153, 1156-57 (9th Cir. 1991).

        IT IS SO ORDERED AND RECOMMENDED.

DATED: June 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE