IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

      Plaintiff,               No. 2:12-cv-01341 JAM KJN PS

      v.

WH SHAU-LINN and WH CAN XIANG,
dba Lee's Canton Restaurant,

      Defendants.         <u>ORDER</u>
                                  /

      On June 1, 2012, the undersigned filed an Order to Show Cause and Findings and Recommendations ("OSC") that ordered attorney Chad J. Wood to show cause in writing "why he should not be personally sanctioned $1,000 . . . for among other things, wasting the court's time and misrepresenting himself to the court."[1] (OSC at 2, Dkt. No. 4.) Specifically, Mr. Wood was ordered to show cause why he should not be sanctioned "for: (1) requesting leave from the court to pursue this case when it appear[ed] that Mr. Wood had no real intention of pursuing the case; (2) apparently misrepresenting to the court that the Chapter 7 bankruptcy trustee owned the right to pursue plaintiff's pre-petition claims in this case; and (3) failing to formally request leave to withdraw as plaintiff's counsel consistent with the court's Local Rules, when Mr. Wood

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

previously appeared as counsel of record for plaintiff." (Id. at 3.) Mr. Wood filed a timely response to the OSC (Dkt. No. 6).

Upon review of Mr. Wood's response, the undersigned discharges the OSC, albeit with hesitation. Mr. Wood's conduct in this matter is sanctionable. However, rather than impose monetary sanctions on Mr. Wood, the undersigned provides Mr. Wood with some advice.[2] First, prior to appearing or filing any documents in the court, Mr. Wood should make every effort to know the facts and procedural history of his case, including which party he actually represents. Second, Mr. Wood should be forthcoming with the court. Rather than make strong assertions about the facts of his case when he really does not know the facts or is not sure of them, Mr. Wood should advise the court that he cannot make a representation or answer a question with certainty, and explain the circumstances. Third, and related to the last piece of advice, Mr. Wood should not hide material information from the court or file cryptic and unhelpful documents such as his "Notice of Nonappearance and No Representation," which raised more questions than it answered.

Mr. Wood has been the subject of two orders to show cause between this case and the case from which it sprung, Louie v. Ericson, 2:11-cv-00886 KJN (E.D. Cal.). Each of these orders to show cause was avoidable had Mr. Wood complied with the court's orders, knew more about his own cases, exercised more care in litigating his case, and was forthcoming with the court. Instead, Mr. Wood misled the court and wasted the court's time, which, in part, led to the needless opening of this case at Mr. Wood's strident request. Hopefully the advice related above will assist Mr. Wood in his future appearances in this court, as his performance to this point has been well-below that which is expected of attorneys who practice in this court.

////

////

---

[2] Hopefully, Mr. Wood will recognize that this advice is well-intended, and is not meant to be sarcastic.

1   Accordingly, IT IS HEREBY ORDERED that the Order to Show Cause filed on
2  June 1, 2012, is discharged as to attorney Chad J. Wood.
3   IT IS SO ORDERED.
4  DATED: June 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE